JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cyrstal Rock LLC

## DEFENDANTS
Cool Beans Refreshments LLC
Najmola, Hank

**(b)** County of Residence of First Listed Plaintiff   Litchfield County, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ballard Spahr LLP
1735 Market Street, 51st Floor, Philadelphia, PA 19103-7599
(215) 665-8500
Stephen J. Kastenberg
Robert E. Haimes

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Sections 1114(1), 1125(a)
Brief description of cause:
Trademark infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ injunction, damages

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
10/18/2016

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Crystal Rock LLC | : | CIVIL ACTION |
| v. | : | |
| Cool Beans Refreshments LLC, Hank Najmola | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 10/18/16 | Robert Haimes | Crystal Rock LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-8500 | 215-864-8999 | haimesr@ballardspahr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1050 Buckingham Street, Watertown, CT  06795__

Address of Defendant: __631 Clymer Lane, Ridley Park, PA 19078__

Place of Accident, Incident or Transaction: __Pennsylvania__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) __Trademark infringement__

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Robert Haimes__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __10/18/16__    __Robert Haimes__    __309778__
                       Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/18/16__    __[signature]__    __309778__
                       Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL ROCK LLC, <br> a Delaware limited liability company, <br> 1050 Buckingham Street <br> Watertown, CT 06795, <br><br> Plaintiff, <br><br> v. <br><br> COOL BEANS REFRESHMENTS LLC, <br> a Pennsylvania limited liability company, and <br> HANK NAJMOLA, <br> an individual, <br> 631 Clymer Lane <br> Ridley Park, PA 19078, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No.: _____ <br><br> COMPLAINT <br><br> **JURY DEMANDED** |

Plaintiff Crystal Rock LLC ("Crystal Rock"), for its Complaint against Cool Beans Refreshments LLC ("CBR") and its owner, Hank Najmola ("Najmola," and together with CBR, "Defendants"), alleges, on knowledge as to itself and otherwise on information and belief, as follows:

### NATURE OF THE ACTION

1. Crystal Rock is a purveyor of high-quality coffee, which it distributes under the COOL BEANS® mark, largely through its gourmet coffee delivery and catering service for offices and other workplaces.

2. Crystal Rock recently learned that Defendants have been providing coffee delivery services for offices under the mark COOL BEANS REFRESHMENTS.

3. Defendants' conduct is likely to confuse consumers into believing that Defendants' products and services are affiliated with, or are endorsed or approved by, Crystal Rock, when in fact they are not.

4. Defendants' unlawful actions are causing immediate and irreparable harm to Crystal Rock, as well as harming consumers of coffee and coffee delivery services in Pennsylvania and elsewhere. To redress the harm being done to Crystal Rock and the public, Crystal Rock brings claims for infringement of federally registered trademarks under Section 32(l) of the United States Trademark (Lanham) Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(l); trademark infringement, unfair competition, and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims under Pennsylvania common law.

## THE PARTIES

5. Plaintiff Crystal Rock is a Delaware limited liability company with its principal place of business at 1050 Buckingham Street, Watertown, Connecticut 06795.

6. On information and belief, defendant CBR is a Pennsylvania limited liability company with a usual place of business at 631 Clymer Lane, Ridley Park, Pennsylvania 19078.

7. On information and belief, defendant Hank Najmola is a resident of the Commonwealth of Pennsylvania with an address of 631 Clymer Lane, Ridley Park, Pennsylvania 19078. On information and belief, Najmola is the principal of Defendant CBR.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants regularly conduct business in Pennsylvania and have offered and provided their infringing COOL BEANS REFRESHMENTS services in Pennsylvania. Defendants' actions have caused injury to Crystal Rock and to consumers in Pennsylvania.

9.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and Pennsylvania common law.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  In addition, because there is diversity of citizenship between the parties to this action and the matter in controversy exceeds $75,000, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Crystal Rock's claims occurred in this district.

## FACTS

### Plaintiff's Prior Use and Federal Registration of the COOL BEANS® Mark

11.     Since at least as early as March 6, 1993, and continuing without interruption, Crystal Rock and its predecessors in interest have used the name and mark COOL BEANS® in connection with their coffee-related businesses.

12.      Crystal Rock supplies coffee under the mark COOL BEANS® through a variety of channels of distribution, including delivery to offices and to retail establishments such as restaurants and convenience stores, and direct sales over the Internet.  A significant part of Crystal Rock's COOL BEANS® business consists of catering services for offices, including supplying beverages and rental of beverage services equipment.

13.     Crystal Rock and one of its predecessors in interest have used the COOL BEANS® mark in connection with coffee and mail order and retail store services in the field of coffee since 1993.  Crystal Rock and its other predecessor in interest have used the COOL BEANS® mark in connection with catering services for offices since 2000.  As documented in Exhibit A, Crystal Rock owns numerous registrations issued by the U.S. Patent and Trademark

3

Office for the mark COOL BEANS® and COOL BEANS-formative design marks, including the following:

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| 1,839,559 | COOL BEANS | Coffee<br><br>Retail store and mail order services in the field of coffee |
| 4,053,531 | COOL BEANS | Delivery of goods to offices, namely, supplying utensils and tableware made of paper, foam, or plastic<br><br>Catering services for offices, namely, supplying beverages and snacks; rental of food and beverage services equipment |
| 4,060,579 | cool beans COFFEE (logo) | Coffee |
| 3,941,673 | cool beans COFFEE (logo) | Retail store and mail order services in the field of coffee |
| 4,056,886 | cool beans COFFEE (logo) | Delivery of goods to offices, namely, supplying utensils and tableware made of paper, foam, or plastic<br><br>Catering services for offices, namely, supplying beverages and snacks; rental of food and beverage services equipment |

4

Registration Nos. 1,839,559 and 3,941,673 are valid and subsisting and incontestable under 15 U.S.C. § 1065 and are therefore conclusive evidence of the rights of Crystal Rock to the COOL BEANS® marks covered by those registrations.

14.     Crystal Rock provides its coffee delivery and office catering services throughout eastern Pennsylvania, including in Delaware County and the greater Philadelphia metropolitan area. The COOL BEANS® mark appears on coffee packets and catering goods supplied to workplaces and on Crystal Rock's delivery trucks, and is used by Crystal Rock in connection with marketing and providing its coffee delivery and office catering services to business owners.

15.     By virtue of the above efforts, Crystal Rock, through its own use and the uses of its predecessors, has developed substantial recognition and goodwill in its COOL BEANS® marks.

### Defendants' Infringing Use of the COOL BEANS® Mark

16.     Upon information and belief, Najmola, through CBR, operates a coffee delivery and office catering service under the name COOL BEANS REFRESHMENTS.

17.     Upon information and belief, on or around March 1, 2015, Najmola organized the limited liability company Cool Beans Refreshments LLC and registered the business name COOL BEANS REFRESHMENTS LLC with the Pennsylvania Department of State.

18.     Upon information and belief, Defendants have made infringing use of the mark COOL BEANS® in connection with their coffee delivery and office catering business, commencing in 2015 at the earliest. Specifically, Defendants have used and continue to use the name COOL BEANS REFRESHMENTS in connection with the advertising and provision of beverage catering services for offices.

19.     Upon information and belief, on or about January 1, 2016, Najmola and/or CBR registered the domain name coolbeansrefreshments.com, despite actual or constructive

5

knowledge of Plaintiff's federal registrations.  Defendants' domain name is confusingly similar to Plaintiff's distinctive COOL BEANS® mark.

20.     Upon information and belief, Defendants have used COOL BEANS® as an infringing mark and name on the website accessible at www.coolbeansrefreshments.com in connection with advertising services similar to and directly competitive with those of Plaintiff.  An excerpt from Defendants' website appears below, and a printout of all pages of Defendants' website is attached hereto as Exhibit B:



21.     Upon information and belief, Defendants' use of the infringing mark COOL BEANS REFRESHMENTS postdates the first commercial use of Plaintiff's COOL BEANS® mark and the issuance of all of Plaintiff's existing federal registrations for COOL BEANS® marks.

22.     Defendants have used their infringing mark although they knew or should have known of use of the COOL BEANS® mark by Plaintiff and Plaintiff's predecessors in interest.

6

23. Upon information and belief, Defendants have used the infringing COOL BEANS REFRESHMENTS name in Pennsylvania, where Plaintiff also does business under its COOL BEANS® marks.

24. Defendants' infringing mark is confusingly similar to Plaintiff's COOL BEANS® marks. This confusion is exacerbated because Defendants provide products and services similar or identical to those of Plaintiff.

25. Upon information and belief, the quality of Defendants' coffee and office catering services is materially inferior to the quality Crystal Rock customers have come to expect when ordering Crystal Rock's COOL BEANS® coffee and office catering services.

26. On July 15, 2016, Plaintiff sent Defendants a letter demanding that Defendants cease their unauthorized use of its registered COOL BEANS® mark. A true and correct copy of this letter is attached hereto as Exhibit C.

27. Despite receiving notices of their infringing activities, Defendants continue to use Plaintiff's federally registered COOL BEANS® mark in a manner that is likely to cause consumer confusion, and have failed and refused, and continue to fail and refuse, to cease using Plaintiff's mark.

### Crystal Rock and Consumers Are Being Harmed by Defendants' Actions

28. Defendants' infringing use of the COOL BEANS® mark is likely to cause confusion in the marketplace, thereby harming consumers and diminishing Crystal Rock's brand equity.

29. A consumer ordering Defendants' COOL BEANS REFRESHMENTS coffee and office catering services might mistakenly believe that Defendants' products and services are affiliated with or sponsored by Crystal Rock.

30.     Upon information and belief, as a result of Defendants' actions, consumers seeking coffee and services of the quality indicated by the COOL BEANS® mark are likely to be diverted from Crystal Rock to its competitor, CBR, and are likely to be misled about the nature, characteristics, quality, or source of Defendants' products.

## FIRST CLAIM FOR RELIEF
**Infringement of Registered Trademark Under 15 U.S.C. § 1114(1)**

31.     Crystal Rock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

32.     Crystal Rock possesses valid and enforceable rights in the COOL BEANS® mark in connection with all of the goods and services at issue in this case by virtue of its extensive use, registration, promotion, and advertisement of the COOL BEANS® mark, and has possessed such rights at all times material hereto.

33.     Defendants' unauthorized use of the COOL BEANS® mark in connection with coffee and beverage catering services for offices constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the trademarks identified in U.S. Trademark Registration Nos. 1,839,559, 4,053,531, 4,060,579, 3,941,673, and 4,056,886 that is likely to cause confusion, or to cause mistake, or to deceive.

34.     Upon information and belief, Defendants' conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Crystal Rock's prior rights, and with full knowledge that Defendants have no right, license, or authority to use Crystal Rock's registered trademarks or any confusingly similar variant thereof, including COOL BEANS REFRESHMENTS.

35.     Upon information and belief, Defendants' acts are intended to reap the benefit of the goodwill that Crystal Rock has built up in its COOL BEANS® mark.  Defendants' acts

constitute infringement of Crystal Rock's federally registered trademark in violation of Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l).

36. Crystal Rock has been, is now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court, Crystal Rock will suffer further harm to its registered trademark, reputation, and goodwill. This harm constitutes an injury for which Crystal Rock has no adequate remedy at law.

<b><u>SECOND CLAIM FOR RELIEF</u></b><br><b>Trademark Infringement, Unfair Competition, and False Designation of Origin Under 15 U.S.C. § 1125(a)</b>

37. Crystal Rock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

38. Defendants' unauthorized use of the COOL BEANS® mark constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective goods and services, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and their respective goods and services.

39. Upon information and belief, Defendants' conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Crystal Rock's prior rights, and with full knowledge that Defendants have no right, license, or authority to use Crystal Rock's COOL BEANS® mark or any confusingly similar variant thereof, including COOL BEANS REFRESHMENTS.

40. Upon information and belief, Defendants' acts are intended to reap the benefit of the goodwill that Crystal Rock has built up in its COOL BEANS® mark. Defendants' acts

9

constitute infringement of Crystal Rock's trademark, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Crystal Rock has been, is now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court, Crystal Rock will suffer further harm to its trademark, reputation, and goodwill. This harm constitutes an injury for which Crystal Rock has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

42. Crystal Rock realleges and incorporates herein the allegations set forth in the foregoing paragraphs of this Complaint.

43. Crystal Rock and Defendants are competitors in the same business of providing coffee and beverage delivery and catering services for offices and other workplaces.

44. Defendants' aforesaid conduct constitutes common law trademark infringement and unfair competition under the common law of the Commonwealth of Pennsylvania.

45. Crystal Rock has been, is now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court, Crystal Rock will suffer further harm to its trademark, reputation, and goodwill. This harm constitutes an injury for which Crystal Rock has no adequate remedy at law.

WHEREFORE, Plaintiff Crystal Rock LLC demands judgment as follows:

1. Enter judgment in favor of Crystal Rock on all counts;

2. Enter a preliminary and permanent injunction restraining Najmola, CBR, and its officers, directors, employees, agents, affiliates, successors, assigns, franchisees, licensees, and all those in privity or acting in concert with them:

    a. From in any way using, displaying, advertising, copying, imitating, or infringing upon the COOL BEANS® mark or confusingly similar variations thereof;

    b. From using or displaying the COOL BEANS® mark or confusingly similar variations thereof on or in connection with any products or in any written, oral, or audiovisual advertisements, displays, signs, sales promotions, the Internet, or in any other public communication in connection with Defendants' goods or services;

    c. From otherwise infringing upon Crystal Rock's COOL BEANS® mark;

    d. From otherwise unfairly competing with Crystal Rock;

  3. Order that Defendants account and pay over to Crystal Rock all gains, profits, and advantages derived from the conduct alleged herein, pursuant to 15 U.S.C. § 1117 and other applicable law;

  4. Order that Defendants pay Crystal Rock the damages that Crystal Rock has sustained by reason of the conduct alleged herein;

  5. Order that Defendants pay Crystal Rock enhanced damages as provided by 15 U.S.C. § 1117 and other applicable law;

  6. Order that Defendants pay pre-judgment interest on Crystal Rock's damages as provided by 15 U.S.C. § 1117 and other applicable law;

  7. Order that Defendants pay the costs of this action as provided by 15 U.S.C. § 1117 and other applicable law;

  8. Order that Defendants pay Crystal Rock's attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law; and

  9. Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Crystal Rock hereby demands a jury trial on all claims so triable.

Dated: October 18, 2016

Stephen J. Kastenberg
Robert E. Haimes
PA Atty. ID. Nos. 70919, 309778
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500
kastenberg@ballardspahr.com
haimesr@ballardspahr.com

*Attorneys for Plaintiff*

12

B4606417.1